UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN M. NARCISSE,
    *Plaintiff*,

v.

MERIAM DELPHIN-RITTMAN,
    *Defendant*.

No. 3:16-cv-1238 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Marvin M. Narcisse is currently confined at the Whiting Forensic Division of the Connecticut Valley Hospital ("Whiting"). Pursuant to 42 U.S.C. § 1983, he has filed a complaint *pro se* and *in forma pauperis*, seeking his release from Whiting and monetary damages. For the reasons set forth below, I will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### BACKGROUND

On the afternoon of December 22, 2011, plaintiff engaged in an unprovoked and horrifying attack on a 77-year-old woman in Bridgeport. *See State v. Narcise*, 2013 WL 2132107, at *1 (Conn. Super. 2013). The woman was walking on the sidewalk away from a grocery store when plaintiff ran up from behind her, tackled her to the ground, and then stabbed her repeatedly in the face with the broken-off stem of a wine glass. *Ibid.* Plaintiff was described by witnesses that day as acting in a deranged rage and had no rational reason for the attack. *Ibid.* The woman was severely and permanently injured. *Id.* at 2.

---

[1] Plaintiff was found not guilty by reason of mental disease or defect and was subsequently civilly committed. Accordingly, he is not a "prisoner" within the definition of 28 U.S.C. § 1915A and his complaint is not subject to the screening requirements under § 1915A. *See* 28 U.S.C. § 1915A(c). Nevertheless, his complaint remains subject to 28 U.S.C. § 1915, which governs all proceedings *in forma pauperis.*

Plaintiff was charged with attempted murder, among other charges, and he was eventually adjudicated by a Connecticut state court judge in April 2013 to be not guilty by reason of mental disease or defect. *Id.* at *2–5. He was subsequently committed to the jurisdiction of the Psychiatric Security Review Board for a length of time not to exceed forty years, and was hospitalized at Whiting. Doc. #1 at 8.

Plaintiff now requests his "unconditional discharge" from Whiting, as well as an award of $3 million in damages "for being force[d] to stay in a mental hospital." *Id.* at 6. In support of his claim, plaintiff attaches two psychiatric reports; he alleges that these reports "prove I don't have mental issues." *Ibid.*

One of the reports is a psychological assessment dated June 12, 2015. This assessment was conducted at Whiting for purposes of "diagnostic clarification and treatment planning." *Id*. at 12. The psychologist was ultimately unable to determine a diagnosis, in part because of plaintiff's "guardedness and attempts to portray himself in a positive light." *Id.* at 20. Nevertheless, the report concluded that "symptoms of psychosis and mood dysfunction should continue to be considered as possible aspects of his clinical picture." *Ibid*. The report recommended individual psychotherapy, group therapy and activities, and substance abuse treatment.

The other report attached to plaintiff's complaint is a report prepared by a psychiatrist on November 28, 2015, at the request of a lawyer in the Psychiatric Defense Unit of the Office of the Public Defender. *Id*. at 8–11. The psychiatrist was asked to determine plaintiff's psychiatric status and whether transfer to a less secure facility would be appropriate. *Id*. at 8. Based on a one-hour interview and a review of written records, the psychiatrist diagnosed plaintiff with major depressive disorder, recurrent episode, in full remission; substance use disorder, in

sustained remission in a controlled environment; and unspecified personality disorder, with antisocial and narcissistic traits. *Id.* at 11. The psychiatrist concluded that plaintiff had "attained the required psychiatric stability to be safely transferred to a unit in Dutcher Hall," a less restrictive area of Whiting. *Ibid*.

## DISCUSSION

A district court must dismiss an *in forma pauperis* action if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether a case is subject to dismissal, it is well-established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint names one defendant, "Meriam Delphin-Rittman PhD, Commissioner, DMHAS." Doc. #1 at 1. The complaint, however, does not otherwise refer to defendant in the complaint, much less explain how she was involved in the alleged constitutional deprivation. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.").

Although the complaint cites the Eighth Amendment, it does not identify any conditions of confinement that amount to unconstitutional cruel and unusual punishment. Accordingly,

plaintiff's claim for a violation of the Eighth Amendment will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent that plaintiff wishes to challenge his continued confinement at Whiting in federal court, such a challenge must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after plaintiff has fully exhausted his state court remedies. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (federal habeas corpus review may be available to challenge civil commitment); *Buthy v. Comm'r of Office of Mental Health of N.Y.S.*, 818 F.2d 1046, 1051 (2d Cir. 1987) (psychiatric detainee seeking to challenge the basis for his confinement should file petition for writ of habeas corpus rather than civil rights lawsuit under 42 U.S.C. § 1983). The Court will not construe plaintiff's complaint as a habeas corpus petition, because there is no indication that plaintiff has exhausted his available state court remedies.

To the extent that plaintiff seeks monetary damages for his allegedly wrongful confinement, this claim is barred by the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff has not previously established that his initial or continued confinement is legally invalid. In *Heck*, the Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated." *Id.* at 487.

The Court's concern in *Heck* was that a convicted prisoner should not be able to use a tort action pursuant to 42 U.S.C. § 1983 to circumvent otherwise established legal procedures that exist to allow a prisoner to challenge the validity of the prisoner's confinement (such as procedures for filing a direct appeal from conviction or for filing a petition for writ of habeas

4

corpus). Indeed, if not for the rule set forth in *Heck*, a prisoner could wastefully pursue parallel and duplicative challenges to his conviction—one by means of a direct appeal or petition for writ of habeas corpus and the other by means of a tort action pursuant to § 1983.

The concerns that prompted the *Heck* decision are the same for a person like plaintiff who has been subject to involuntary commitment as they are for a person who has been imprisoned following conviction of a crime. In both situations, state and federal law provide for specific procedures to allow a challenge to the validity of one's confinement. Accordingly, for lack of any showing by plaintiff that the grounds for his initial or continued commitment have been legally invalidated, the *Heck* rule appropriately applies here to preclude his action for money damages pursuant to 42 U.S.C. § 1983. *See*, *e.g.*, *James v. Schneiderman*, 2015 WL 6107553, at *5 (S.D.N.Y. 2015) (citing cases).

Finally, plaintiff asserts a state law claim for violation of Connecticut General Statutes § 17a-542. Because I am dismissing plaintiff's federal claim, I will decline in my discretion to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3); *see, e.g.*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013).

## CONCLUSION

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). If plaintiff has a basis to believe that he has been unlawfully confined, then he may file in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 if he has first fully exhausted all judicial remedies that are available in the state courts of Connecticut. If plaintiff wishes to seek money damages pursuant to 42 U.S.C. § 1983, then he may pursue such an action

only if he has previously established that the basis for his initial or continued confinement was legally invalid. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 27th day of January 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge